JOSEPH G. RIDOLFI, T/A HUB BAR AND LIQUOR STORE,
PLAINTIFF, v. DIRECTOR, DIVISION OF
TAXATION, DEFENDANT.

Tax Court of New Jersey

August 27, 1980.

*Alan G. Frank, Jr.* for plaintiff (*Ridolfi & Friedman,* attorneys).

*Martin L. Wheelwright,* Deputy Attorney General, for defendant (*John J. Degnan,* Attorney General of New Jersey, attorney).

LASSER, P. J. T. C.

This is an action by Joseph G. Ridolfi, t/a Hub Bar and Liquor Store, to review a deficiency assessment under the Sales Tax

Act, *N.J.S.A.* 54:32B–1 *et seq.*, for the period January 1, 1970 through June 30, 1972. The deficiency assessment in contest involves an additional tax of $2,253.43 plus penalty and interest, resulting from an increase in taxable sales from $150,365, as reported, to $195,474.50 as adjusted by the Division of Taxation at a conference with the taxpayer. The taxpayer contested the adjusted figure by filing a petition of appeal with the Division of Tax Appeals. The case was then transferred to the Tax Court of New Jersey pursuant to *N.J.S.A.* 2A:3A–26.

Taxpayer engages in the retail sale of alcoholic beverages, operating a neighborhood bar and package store. Over-the-bar sales of alcoholic beverages for on-premises consumption are not subject to sales tax. During the assessment period beer sales from the package store for off-premises consumption were not subject to sales tax. The sale of wine, liquor, soda and food from the package store is subject to sales tax. The taxpayer and the Director differ on the amount of taxable sales from the package store. This difference amounts to approximately $45,-000 in taxable sales. The dispute centers upon the issue of the quantity of nontaxable beer sold from the package store.

An audit was conducted by the Division of Taxation. In the course of this audit, covering the period June 1, 1969 to May 31, 1972, the Division examined the books and records of the taxpayer with his full cooperation. Included in these books and records were the beverage tax returns filed with the Division of Alcoholic Beverage Control and the purchase invoices and sales ledgers of the business. Based on the examination of these records the Division of Taxation determined that the business produced gross sales of approximately $375,000 for the taxable period. At the time of the audit taxpayer did not have records which allocated this $375,000 figure into taxable and nontaxable transactions. The Division therefore reconstructed the allocation of sales between those which were taxable and those which were nontaxable based upon the taxpayer's beverage tax returns and a detailed analysis of three sample months—July 1969, December 1970 and February 1971. The purpose of the analysis

was to determine the amount of liquor, wine, soda and food sales from the package store.

The Division deducted the dollar volume of package store beer sales from the total package store sales to arrive at the taxable sales of the package store.

The audit conclusions were based on beer purchases by gallon as reported in taxpayer's beverage tax returns and the dollar sales from the bar as well as the dollar sales from the package store as shown on the books of taxpayer. Using these figures, the Division assumed that approximately 50% of the bar sales were of beer, an assumption which is not disputed by taxpayer. By dividing a sale price of $4.57 a gallon, a figure obtained from taxpayer's records for the three sample months, into 50% of the gross bar sales, the Division derived the gallons of beer sold over the bar. Subtracting the beer bar sales gallonage from the total beer sales gallonage, the Division arrived at the number of gallons of beer sold in the package store. To this gallonage figure the Division applied a package store selling price of $2.01 a gallon, also obtained from taxpayer's records for three sample months, to determine the number of dollar sales of beer in the package store. This figure was deducted from the total package store sales to arrive at the amount of liquor and wine sales from the package store. The Division added one-half of the total soda, food and miscellaneous sales. Based on this analysis the Division supported its contention that the taxable sales from the package store amounted to $195,-474.50 instead of the reported taxable sales of $150,365.

Taxpayer contests the audit results on the ground that insufficient beer sales were allocated to the package store. This contention is based upon the following:

1. The taxpayer's beverage tax returns do not accurately set forth the beer gallonage but understate it.

2. The cost to taxpayer of $1.62 a gallon for beer used as a basis for the $4.57 and $2.01 selling prices was understated because the three test periods did not accurately reflect the cost of beer during the taxable period.

3. 65% or 60% or more than 50% of the package store sales volume were beer, not 42% as used by the Division.

Taxpayer testified that he kept accurate records of bar sales and package store sales. There were two separate cash registers, one for the package store and one for the bar. It was taxpayer's practice to "ring up" taxable sales first and the amount of the tax, and then the nontaxable sales as purchases were made. The information was then taken from the cash register tapes and recorded on the taxpayer's ledgers. The cash register tapes for the audit period were unavailable during the audit but invoices and other records were available.

Taxpayer relied on his long experience in the operation of this business to support his contention that 65% of the package store sales were beer. No documentary evidence or records were presented to support any of taxpayer's contentions. No attempt was made to introduce evidence or figures of any alternate test periods, or to show relative sales volumes of beer and liquor over the bar and in the package store for any period. None of the invoices or other business records of the taxpayer which were available at the time of the audit were relied upon by taxpayer to support his contentions.

Based upon the evidence submitted the court makes the following findings of fact:

1. The Division was justified in relying on taxpayer's beverage tax returns and the figures contained therein for audit purposes. These were tax returns prepared and submitted by taxpayer, declared to be true, accurate and complete.

2. The allocation of over-the-bar sales of 50% beer and 50% liquor was a proper assumption in the absence of any records by the taxpayer of the actual allocation.

3. The average retail prices of beer were $4.67 for sales over the bar and $2.01 for sales in the package store.

4. The Division's calculation of the total number of gallons of beer purchased during the audit period and the assessment period was proper and the total number of gallons and dollar

sales of beer from the package store derived by the deduction of the gallonage sales over the bar was justified.

5. The conclusion of the Division that the reported taxable sales should have been $195,474.50 instead of $150,365, and were thus understated by $45,009.50, resulting in an additional sales tax deficiency of $2,253.43 plus interest and penalty, was a justifiable conclusion. Included in this taxable sales deficiency was an item of approximately $8,700 representing one-half of the soda and food sales, which was a reasonable figure considering that the total sales of such items amounted to $17,455 and that sales of soda, whether from the bar or the package store, were taxable.

The Division analyzed liquor and wine sales separately and concluded that they were at least $214,895 of the taxable sales. If all of the 63,695 gallons found by the Division to have been sold in the assessment period were sold in the package store at $2.01 a gallon, the total sales would be $128,000. Total package store sales are conceded to be $327,000 ($374,000 gross sales less $47,000 bar sales). Deducting all $128,000 of beer sales would leave $199,000 taxable sales, a figure which still supports the Division's determination. All $128,000 of beer sales were not sold from the package store. The beer sale figures are based upon the sample test period average price of $1.62 a gallon which, although contested by the taxpayer, is a figure which is justified by the evidence. The taxpayer stated that the figure "looks low." In addition taxpayer contended that the test month of July 1969 was prior to the period for which additional tax was assessed and should not be included. If the test month of July 1969 were dropped the average price for December 1970 and February 1971 would be $1.67 a gallon, which would result in only a minor change in the figures. Such an adjustment is minimal and should be disregarded.

In sum, taxpayer contended that the beverage tax returns were too low with respect to beer sales, the price per gallon derived by the Division was too low and the dollar volume of beer sales in the package store was too low. There is nothing

more in evidence than the taxpayer's naked assertions. Such proofs are insufficient to rebut the presumption of correctness of the Division's determination. *Atlantic City Trans. Co. v. Taxation Div. Director*, 12 *N.J.* 130, 146, 95 *A.2d* 895 (1953). The Sales Tax Act provides that all receipts for property of any type are presumed to be taxable. *N.J.S.A.* 54:32B–12 (b). Moreover, the statute specifically gives the Division the authority to readjust and redetermine the taxable sales based upon external indices. *N.J.S.A.* 54:32B–19. The absence of specific sales information as to dollar volume of taxable and nontaxable items makes such action necessary in this case. Having taken this action, the presumption of correctness attaches and it is the obligation of the taxpayer to overcome this burden by competent evidence.

It is the conclusion of the court after reviewing all of the evidence that the taxpayer did not overcome the presumption of correctness by competent evidence. Notwithstanding the fact that taxpayer has failed to rebut the presumption, the court has reviewed the audit figures and concludes that the tax deficiency imposed is reasonable and justified by law.